# United States Court of Appeals

*for the*

# Third Circuit

Case No. 17-3330

ELAINE LEVINS; WILLIAM LEVINS, on behalf
of themselves and others similarly situated,

*Appellants,*

– v. –

HEALTHCARE REVENUE RECOVERY GROUP LLC, a/k/a ARS Account
Resolution Services; JOHN AND JANE DOES 1 THROUGH 25,

ON APPEAL FROM AN ORDER ENTERED FROM THE UNITED STATES
DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY IN CASE
NO. 1-17-CV-00928 ROBERT B. KUGLER, U.S. DISTRICT JUDGE

## BRIEF AND APPENDIX FOR APPELLANTS
## Volume I of II (Pages A1 – A11)

PHILIP D. STERN
ANDREW T. THOMASSON
STERN THOMASSON
*Attorneys for Appellants*
150 Morris Avenue, 2nd Floor
Springfield, New Jersey 07081
(973) 379-7500
philip@sternthomasson.com
andrew@sternthomasson.com

## CORPORATE DISCLOSURE STATEMENT

Plaintiffs-Appellants, Elaine Levins and William Levins, are natural persons and not a corporate party. Therefore, no statement is required by Rule 26.1 of the Federal Rules of Appellate Procedure.

# TABLE OF CONTENTS

CORPORATE DISCLOSURE STATEMENT ....................................... ii

TABLE OF AUTHORITIES ....................................................................v

JURISDICTIONAL STATEMENT .........................................................1

STATEMENT OF THE ISSUES PRESENTED FOR REVIEW ............................2

STATEMENT OF RELATED CASES AND PROCEEDINGS ..............................3

STATEMENT OF THE CASE................................................................4

SUMMARY OF THE ARGUMENT ....................................................11

ARGUMENT ......................................................................................13

    POINT I:   "ARS" DOES NOT IDENTIFY HRRG BUT, INSTEAD, DECEPTIVELY REQUIRES CONSUMERS TO CONTACT HRRG FOR CLARIFICATION ALLOWING HRRG TO COLLECT CONSUMER INFORMATION AND ATTEMPT TO COLLECT A DEBT. THEREFORE, HRRG'S MESSAGES WERE UNLAWFUL. ..........13

        A.    Standard of Review.......................................................13

        B.    Plaintiffs' Cause of Action is for Violation of the FDCPA. ..........16

        C.    The "Least Sophisticated Consumer" Standard. ............................18

        D.    Elements of a Claim for Violation of the FDCPA. .......................20

        E.    § 1692d(6): The Messages' Failure to Meaningfully Disclose the Caller's Identity.......................................................22

        F.    The Inclusion of a Website and Telephone Number Did Not Cure the Messages' Failure to Identify the Business Who Placed the Calls. ....................................................24

        G.    § 1692e(10): Forcing Consumers to Call HRRG or Navigate to its Website is a Deceptive Means to Collect Debts and Obtain Information About the Consumer. ....................................25

        H.    § 1692e(14): Failing to Use the Debt Collector's "True Name."..........................................................................27

CONCLUSION ..................................................................................33

COMBINED CERTIFICATIONS .............................................................34

    A.    Bar Membership ........................................................34

    B.    Certificate of Compliance (Form 6) ...............................34

    C.    Identical Compliance of Briefs.......................................34

    D.    Virus Check ...............................................................35

    E.    Certificate of Service .................................................35

ATTACHMENT TO BRIEF .................................................................36

    TEXT OF RELEVANT STATUTES. .............................................36

    Volume I of Appendix follows .......................................42

# TABLE OF AUTHORITIES

## CASES

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)........................................................... 13, 14, 15

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)........................................................... 13, 14, 15

*Boyko v. Am. Int'l Grp., Inc.*,
    No. 08-2214 RBK/JS, 2012 WL 2132390 (D.N.J. June 12, 2012)...............28

*Bronowicz v. Allegheny Cty.*,
    804 F.3d 338 (3d Cir. 2015) ........................................................13

*Brown v. Card Serv. Ctr.*,
    464 F.3d 450 (3d Cir. 2006) .................................................. 19, 21

*Buchanan v. Northland Grp., Inc.*,
    776 F.3d 393 (6th Cir. 2015) ........................................................18

*Buck v. Hampton Twp. Sch. Dist.*,
    452 F.3d 256 (3d Cir. 2006) ........................................................16

*Campuzano-Burgos v. Midland Credit Mgmt., Inc.*,
    550 F.3d 294 (3d Cir. 2008) ........................................................19

*Clomon v. Jackson*,
    988 F.2d 1314 (2d Cir. 1993) ........................................................18

*Douglass v. Convergent Outsourcing*,
    765 F.3d 299 (3d Cir. 2014) .................................................. 20, 30

*Evankavitch v. Green Tree Servicing, LLC*,
    793 F.3d 355 (3d Cir. 2015) ........................................................17

*Everage v. Nat'l Recovery Agency*,
    No. CIV.A. 14-2463, 2015 WL 1071757 (E.D. Pa. Mar. 11, 2015).............22

*F.T.C. v. Check Inv'rs, Inc.*,
    502 F.3d 159 (3d Cir. 2007) ........................................................19

*Fields v. Wilber Law Firm, P.C.*,
    383 F.3d 562 (7th Cir. 2004) ........................................................25

*Fowler v. UPMC Shadyside*,
 578 F.3d 203 (3d Cir. 2009) .........................................................................15

*Gammon v. GC Servs. Ltd. P'ship*,
 27 F.3d 1254 (7th Cir. 1994) .......................................................................18

*Graziano v. Harrison*,
 950 F.2d 107 (3d Cir. 1991) ................................................................. 18, 19

*Gryzbowski v. I.C. Sys., Inc.*,
 691 F. Supp. 2d 618 (M.D. Pa. 2010).........................................................22

*Guerrero v. RJM Acquisitions LLC*,
 499 F.3d 926 (9th Cir. 2007) .......................................................................18

*Hart v. Credit Control, LLC*,
 871 F.3d 1255 (11th Cir. 2017) ...................................................................22

*Jacobson v. Healthcare Fin. Servs., Inc.*,
 516 F.3d 85 (2d Cir. 2008) ................................................................... 17, 20

*Jensen v. Pressler & Pressler*,
 791 F.3d 413 (3d Cir. 2015) .........................................................................17

*Jeter v. Credit Bureau, Inc.*,
 760 F.2d 1168 (11th Cir. 1985) ...................................................................18

*Jones v. Dufek*,
 830 F.3d 523 (D.C. Cir. 2016), *cert. denied,* 137 S. Ct. 1336 (2017)...........19

*Koby v. ARS Nat. Servs., Inc.*,
 No. CIV. 09CV0780 JAHJMA, 2010 WL 1438763, 2010 U.S. Dist.
 LEXIS 47205 (S.D. Cal. Mar. 29, 2010)......................................................23

*Lesher v. Law Offices of Mitchell N. Kay*,
 650 F.3d 993 (3d Cir. 2011) .........................................................................16

*Mahan v. Retrieval-Masters Credit Bureau, Inc.*,
 777 F. Supp. 2d 1293 (S.D. Ala. 2011) .......................................................27

*New Jersey Carpenters v. Tishman Const. Corp.*,
 760 F.3d 297 (3d Cir. 2014) .........................................................................15

*Pescatrice v. Elite Recovery Serv., Inc.*,
 No. 06-61130, 2007 WL 1192441 (S.D. Fla. Apr. 23, 2007) .... 28, 29, 30, 32

*Peters v. Gen. Serv. Bureau, Inc.*,
    277 F.3d 1051 (8th Cir. 2002) ....................................................18

*Pisarz v. GC Servs. Ltd. P'ship*,
    No. CV 16-4552 (FLW), 2017 WL 1102636 (D.N.J. Mar. 24, 2017) .........22

*Pollard v. Law Office of Mandy L. Spaulding*,
    766 F.3d 98 (1st Cir. 2014)........................................................18

*Sheriff v. Gillie*,
    136 S. Ct. 1594 (2016)..............................................................21

*Staub v. Harris*,
    626 F.2d 275 (3d Cir. 1980) ......................................................17

*Strand v. Diversified Collection Serv., Inc.*,
    380 F.3d 316 (8th Cir. 2004) ............................................... 30, 31

*Taylor v. Perrin, Landry, deLaunay & Durand*,
    103 F.3d 1232 (5th Cir. 1997) ....................................................18

*United States v. Nat'l Fin. Servs., Inc.*,
    98 F.3d 131 (4th Cir. 1996) .......................................................19

*W. Penn Allegheny Health Sys., Inc. v. UPMC*,
    627 F.3d 85 (3d Cir. 2010) ........................................................16

*Wilson v. Quadramed Corp.*,
    225 F.3d 350 (3d Cir. 2000) ............................................... 20, 28

## STATUTES

15 U.S.C. § 1692(a) ........................................................................16

15 U.S.C. § 1692(e) ........................................................................17

15 U.S.C. § 1692a(3) ................................................................ 19, 20

15 U.S.C. § 1692a(5) .......................................................................21

15 U.S.C. § 1692a(6) .......................................................................21

15 U.S.C. § 1692c(c) ........................................................................25

15 U.S.C. § 1692d ...................................................................... 11, 21

15 U.S.C. § 1692e ....................................................................... 12, 21

15 U.S.C. § 1692e(10) ............................................................ 2, 12, 22, 26

15 U.S.C. § 1692e(14) ................................................................. passim

15 U.S.C. § 1692f(8) ............................................................... 30, 31

15 U.S.C. § 1692k(a) ................................................................ 12, 17

15 U.S.C. § 1692k(d) ......................................................................1

28 U.S.C. § 1291 ...........................................................................1

28 U.S.C. § 1331 ...........................................................................1

## RULES

Fed. R. Civ. P. 12(b)(6) .......................................................... 13, 24, 27

Fed. R. Civ. P. 12(c) .....................................................................23

## OTHER AUTHORITIES

House Report 95-131 ....................................................................21

# JURISDICTIONAL STATEMENT

This action was commenced by Plaintiffs-Appellants, Elaine Levins and William Levins, against Defendant-Appellee, Healthcare Revenue Recovery Group, LLC, as well as John and Jane Does 1 through 25, asserting claims for violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* Therefore, subject matter jurisdiction arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

Appellate jurisdiction arises under 28 U.S.C. § 1291 as this is an appeal as of right from a final order of a United States District Court in a civil action filed on September 26, 2017. Plaintiffs-Appellants, Elaine Levins and William Levins filed their Notice of Appeal on October 23, 2017.

## STATEMENT OF THE ISSUES PRESENTED FOR REVIEW

1.    Whether the district court erred by concluding that Plaintiffs failed to allege a violation of 15 U.S.C. § 1692d(6) which requires a debt collector to provide "meaningful disclosure of the caller's identity" when placing telephone calls and Defendant's telephone voicemail messages did not disclose Defendant's name or an alternate name.  Raised in Motion [Doc. 10], opposed in Response [Doc. 12], ruled upon at A5-A6.

2.    Whether the district court erred by concluding that Plaintiffs failed to allege a violation of 15 U.S.C. § 1692e(14) which prohibits debt collectors from using any name other than its "true name" when Defendant's telephone voicemail messages used a name which is neither Defendant's name nor an alternate name. Raised in Motion [Doc. 10], opposed in Response [Doc. 12], ruled upon at A6.

3.    Whether the district court erred by concluding that Plaintiffs failed to allege a violation of 15 U.S.C. § 1692e(10) which prohibits the use of any false representation or deceptive means to collect or attempt to collect the debt or to obtain information about the consumer, when, by Defendant's use of the vague name "ARS," consumers would be induced to make direct contact with Defendant allowing Defendant to surreptitiously collect and obtain information about the consumer. Raised in Motion [Doc. 10], opposed in Response [Doc. 12], ruled upon at A6-A7.

## STATEMENT OF RELATED CASES AND PROCEEDINGS

This case has not previously been before this Court.

Plaintiffs-Appellants are unaware of any other case or proceeding that is in any way related, completed, pending or about to be presented before this court or any other court or agency, state or federal.

## STATEMENT OF THE CASE

### *Introduction.*

Congress restricted debt collectors to using only their true company name. It also required debt collectors, when placing telephone calls, to meaningfully disclose their identity.

Defendant, Healthcare Revenue Recovery Group, LLC ("HRRG") is a debt collector who placed telephone calls to Plaintiffs, Elaine and Williams Levins. [A18 at ¶¶2 & 4; A22 at ¶¶29-31.] HRRG left pre-recorded voicemail messages identifying itself only as "ARS." [A22 at ¶31.] "ARS" is neither HRRG's company name nor any name it has registered as an alternate name. [A23 at ¶¶38-40; A33; A35.]

"ARS" does not identify HRRG. At least two other debt collection businesses use "ARS." [A23 at ¶¶36 & 37.] In the debt collection industry, "ARS" is most commonly associated with one of them, ARS National Services, Inc. [A23 at ¶41.] Indeed, the Levins had prior dealings with ARS National. [A23 at ¶36; A43.] In addition, many other companies and businesses use the name "ARS." [A23 at ¶37.]

### *Pertinent Procedural History and the Motion Record.*

The Levins commenced this action on February 12, 2017. [A13 at Doc. 1.]

On April 12, 2017, the Levins filed a First Amended Class Action Complaint.

[A14 at Doc. 9.]

On April 26, 2017, HRRG filed a motion to dismiss for failure to state a

claim. [A14 at Doc. 10.] The motion was granted on September 26, 2017. [A8.]

The Levins filed their Notice of Appeal on October 23, 2017. [A10.]

### *The Motion Record.*

The Motion record appears at A17 through A80.

HRRG submitted five documents [A32 at ¶2], namely:

1. The Amended Complaint [A17-A31];

2. HRRG's Florida Articles of Organization [A33-A34];

3. HRRG's New Jersey Certificate of Renewal of Alternate Name [A35];

4. A printout of two pages from HRRG's website [A36-A37]; and

5. HRRG's November 30, 2015 letter addressed to Elaine Levins [A38]. (*Note*: The Amended Complaint denied receipt of any written communications. [A24 at ¶44.])

The Levins submitted the following four exhibits [A40-A41 at ¶¶2-6]:

1. a page from the schedule to their bankruptcy petition showing that another "ARS" debt collector has sought to collect a debt [A43];

2.  online records from the State of New Jersey reflecting the hundreds of businesses whose names begin with ARS [A45-A73];

3.  online records from the State of New Jersey reflecting the hundreds of businesses whose *associated* names begin with ARS [A75-A78]; and

4.  a screen shot of a web browser security notice when attempting to access the website identified in HRRG's messages, www.arspayment.com [A80].

### Facts, Inferences, and Matters of Public Record.

HRRG is a limited liability company formed in the State of Florida. [A18 at ¶5.] HRRG's Articles of Organization declare "[t]he name of the limited liability company is **Healthcare Revenue Recovery Group, LLC**." [A33.]

HRRG filed an alternate name certificate to transact business under the name "**ARS Account Resolution Services**." [A35; A78.]

The Levins were accused of owing a medical debt. [A21 at ¶19.] On or before August 18, 2016, the debt was assigned to HRRG for collection. [A21 at ¶22.] The Plaintiffs have never received any written communications from HRRG. [A24 at ¶44.]. Instead, HRRG attempted to collect that debt from the Levins by placing multiple telephone calls to them within the one-year period preceding the commencement of this action. [A22 at ¶30.] Each time, HRRG left pre-recorded voicemail messages which were transcribed as:

ARS calling. Please return our call at 1-800-694-3048. ARS is a debt collector. This is an attempt to

> collect a debt. Any information obtained will be
> used for that purpose. Again, our number is 1-800-
> 694-3048. Visit us at www.arspayment.com.

[A22 at ¶31.]

"ARS" is best known in the debt collection industry to mean ARS National

Services, Inc., an entity wholly unrelated to HRRG. [A23 at ¶37 & 41.] Indeed,

ARS National Services, Inc. was scheduled as a creditor in the Levins' recent

bankruptcy petition. [A23 at ¶36; A43.] Like HRRG, ARS National is a foreign

entity (formed in California) registered to transact business in New Jersey. [A23 at

¶37; A52.]

The confusion over "ARS" did not stop with ARS National Services, Inc.

There is a third "ARS" debt collector, Advanced Recovery Systems, Inc.,

which is also a foreign entity (formed in Mississippi) and likewise authorized to

transact business in New Jersey. [A23 at ¶37; A76.]

There are also 100 foreign and domestic business entities registered with the

State of New Jersey whose names also begin with "ARS" as the first word; for

example, ARS Associates, ARS Corp., and ARS Inc. [A41 at ¶4; A46-A55.] There

are another 173 businesses whose names begin with "ARS." [A41 at ¶4; A56-73.]

In addition, there are 29 foreign and domestic business entities registered

with the State of New Jersey who have an *associated* name which includes "ARS."

[A41 at ¶5; A76-A78.] HRRG is one of them. [A78.]

Furthermore, an internet search of "ARS" and either "debt" or "collector" results in many links to debt collectors other than HRRG. [A23 at ¶42.]

Consequently, the Levins contended the messages' disclosure of the caller as "ARS" who is a debt collector did not meaningfully identify HRRG as the caller or involve HRRG's use of its true company name. "ARS" was merely the first three characters in HRRG's 31-character alternate name, just as it is the first three characters in the name or alternate name of hundreds of other businesses including other debt collectors.

Faced with the uncertainty as to who is "ARS," a consumer could try and conduct an investigation using the telephone number or web address provided in the messages. Using the web address leads to a browser privacy warning blocking access to the website. [A23 at ¶42; A80.] If, however, the consumer accessed the website, it would—like many websites—surreptitiously track and store information about the consumer. [A24 at ¶43.]

Were the consumer to place a return call and speak to an HRRG collector, that collector would obtain information about the consumer as well as attempt to collect the debt. [A24 at ¶46.] It is reasonable to infer that, upon answering the call, the HRRG representative would obtain personal and non-public information concerning the consumer to avoid HRRG communicating with a third party in violation of 15 U.S.C. § 1692c(b) along with the consumer's contact information.

It is equally reasonable to infer that, after verifying the consumer's identity, the collector would attempt to secure payment. Thus, HRRG's use of the vague "ARS" deceptively lures consumers to contact HRRG directly by phone or the internet allowing HRRG to obtain information about the consumer which improves its ability and chances of collecting the debt.

### *The District Court Decision.*

The district court relied on its mistaken conclusion that "ARS is an alternate trade name for HRRG registered with the State of New Jersey." [A5.] Nothing in the record supports that statement. To the contrary, the motion record unmistakably established "ARS" is neither HRRG's name nor its alternate name.

The district court briefly mentioned the other ARS businesses and debt collectors. [A3.] However, it never discussed or explained how the ambiguous use of "ARS" identified HRRG as the caller and distinguished it from all the other "ARS" businesses including the only "ARS" with whom the Levins had recent dealings (*i.e.*, "ARS National Services, Inc.").

Implicitly acknowledging HRRG's messages would leave consumers with questions about the caller's true identity, the district court concluded the provided telephone number and web address were available to answer those questions. [A5.] Thus, the district court's own analysis conceded HRRG's messages could be unclear to the least sophisticated consumer. Furthermore, it revealed the caller's

page **9**

identity was not meaningfully disclosed *in the messages* but required resort to extrinsic sources to obtain the identity.

The district court then likened HRRG's abbreviation or truncation of its actual alternate name (cutting "ARS Account Resolution Services" down to "ARS") to a debt collector's use of initials on envelopes. [A6.] The court then relied on decisions which permitted the use of initials. Those decisions are discussed and distinguished in the Argument section, below.

## SUMMARY OF THE ARGUMENT

The FDCPA's requirement for "meaningful disclosure of the caller's identity" means disclosure of at least enough information for the least sophisticated consumer to know the name of the specific debt collection company who is calling without having to resort to extrinsic sources. HRRG's telephone messages only disclosed that the caller was "ARS" and "ARS is a debt collector." That disclosure was not meaningful because "ARS" is a name used by many businesses including other debt collectors—indeed, one of those other debt collectors had previously dealt with the Levins. Thus, HRRG violated 15 U.S.C. § 1692d (specifically, § 1692d(6)) by failing to meaningfully disclose the caller's identity.

To satisfy the FDCPA's requirement that a debt collector only use its true company name, it must use either its formation name or an alternate name allowed under state law. The Levins alleged, and HRRG proved, "ARS" is neither HRRG's formation name nor its alternate name. Instead, "ARS" is merely the first three letters of HRRG's 31-character alternate name.

Authorities allowing a debt collector to use its initials in a letter involved letters where the collector's *full* name was also included and the part using the initials only appeared in the return address window of the letter's envelope thereby avoiding disclosure to third parties that the envelope contained a letter from a debt

collector. Thus, those authorities are inapposite and HRRG's use of "ARS"

violated 15 U.S.C. § 1692e (specifically, § 1692e(14)).

The ambiguity of using "ARS" would cause least sophisticated consumers to

contact HRRG directly by phone or the internet using the information provided in

its messages. By doing so, HRRG's deception allows it to surreptitiously obtain

information about the consumer and improve its ability to contact the consumer

and collect the debt. Thus, HRRG's deceptive use of "ARS" violated 15 U.S.C.

§ 1692e (specifically, § 1692e(10)).

For these reasons, the Levins' First Amended Class Action Complaint

plausibly alleged HRRG failed to comply with a provision of the FDCPA with

respect to the Levins and is liable under 15 U.S.C. § 1692k(a) to them and the class

they seek to represent. Thus, the judgment of the district court should be reversed.

# ARGUMENT

**POINT I:**     **"ARS" DOES NOT IDENTIFY HRRG BUT, INSTEAD, DECEPTIVELY REQUIRES CONSUMERS TO CONTACT HRRG FOR CLARIFICATION ALLOWING HRRG TO COLLECT CONSUMER INFORMATION AND ATTEMPT TO COLLECT A DEBT. THEREFORE, HRRG'S MESSAGES WERE UNLAWFUL.**

The FDCPA requires a debt collector, when placing a telephone call, to provide "meaningful disclosure" of its identity, and to only use its "true name." 15 U.S.C. § 1692d(6) and § 1692e(14). The Levins' Amended Complaint, which alleged HRRG's failure to use either its formation name or any registered alternate name, plausibly alleged claims for violation of the FDCPA. Therefore, the district court's dismissal of the Amended Complaint under Fed. R. Civ. P. 12(b)(6) should be reversed.

## A.     *Standard of Review.*

This Court reviews a district court's order dismissing a claim to Rule 12(b)(6) *de novo. Bronowicz v. Allegheny Cty.*, 804 F.3d 338, 344 (3d Cir. 2015).

Rule 12(b)(6) permits dismissal when a complaint "fail[s] to state a claim upon which relief can be granted." *Id.* Under the Supreme Court's decisions in *Iqbal* and *Twombly*, the plausibility standard assesses whether a complaint fails to state such a claim.

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 560 (2007) first articulated the "plausibility standard." There, the complaint alleged the defendants violated the

Sherman Act by restraining trade in a contract, combination, or conspiracy.

*Twombly,* at 548. The complaint, however, alleged nothing more than defendants'

parallel behavior. *Twombly,* at 550. Parallel behavior, while *circumstantial*

evidence of a prohibited contract, combination, or conspiracy, is not *sufficient*

evidence of one. *Twombly,* at 553. Concluding the complaint should be dismissed

for failure to state a claim, the Court wrote:

> This case presents the antecedent question of what a
> plaintiff must plead in order to state a claim under § 1 of
> the Sherman Act. Federal Rule of Civil Procedure 8(a)(2)
> requires only a short and plain statement of the claim
> showing that the pleader is entitled to relief, in order to
> give the defendant fair notice of what the ... claim is and
> the grounds upon which it rests. While a complaint
> attacked by a Rule 12(b)(6) motion to dismiss does not
> need detailed factual allegations, a plaintiff's obligation
> to provide the grounds of his entitlement to relief requires
> more than labels and conclusions, and a formulaic
> recitation of the elements of a cause of action will not do.
> Factual allegations must be enough to raise a right to
> relief above the speculative level, on the assumption that
> all the allegations in the complaint are true (even if
> doubtful in fact).

*Twombly*, at 554-6 (internal quotation marks and citations omitted).

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) permitted the Supreme Court to

elaborate on *Twombly*'s plausibility standard. The *Ashcroft* complaint claimed the

U.S. Attorney and FBI Director deprived the plaintiff of his constitutional rights.

The complaint did alleged facts showing Iqbal, while in the government's custody,

was subjected to unconstitutional misconduct *by some governmental actors* but it

did not allege facts connecting the defendants to that misconduct.

> To survive a motion to dismiss, a complaint must contain
> sufficient factual matter, accepted as true, to state a claim
> to relief that is plausible on its face. ***A claim has facial
> plausibility when the plaintiff pleads factual content
> that allows the court to draw the reasonable inference
> that the defendant is liable for the misconduct alleged***.

*Iqbal* at 678 (emphasis added; internal quotation marks and citations omitted).

The Third Circuit synthesized *Iqbal* and *Twombly* in *Fowler v. UPMC*

*Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009):

> First, the factual and legal elements of a claim should be
> separated. The District Court must accept all of the
> complaint's well-pleaded facts as true, but may disregard
> any legal conclusions. Second, a District Court must then
> determine whether the facts alleged in the complaint are
> sufficient to show that the plaintiff has a "plausible claim
> for relief." [internal citations omitted.]

The Third Circuit has also explained that:

> A complaint has facial plausibility when there is enough
> factual content "that allows the court to draw the
> reasonable inference that the defendant is liable for the
> misconduct alleged."

*New Jersey Carpenters v. Tishman Const. Corp.*, 760 F.3d 297, 302 (3d Cir. 2014)

(quoting *Iqbal*).

This Court has cautioned—as did *Iqbal*—that the standard "does not impose

a probability requirement at the pleading stage, but instead simply calls for enough

facts to raise a reasonable expectation that discovery will reveal evidence of the

necessary element." *W. Penn Allegheny Health Sys., Inc. v. UPMC*, 627 F.3d 85, 98 (3d Cir. 2010) (internal quotation marks omitted).

The motion record to be reviewed can include the factual allegations in the complaint which are accepted as true and viewed "in the light more favorable to plaintiff," "documents that are attached to or submitted with the complaint, and any matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, and items appearing in the record of the case." *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) (internal marks and citations omitted). Here, both Plaintiffs and Defendant submitted such materials.

Applying that standard, the Amended Complaint plausibly alleged facts sufficient to prove a violation of the FDCPA by a debt collector while attempting to collect a consumer debt. Therefore, the district court should not have dismissed the Amended Complaint.

### B.   *Plaintiffs' Cause of Action is for Violation of the FDCPA.*

Congress enacted the FDCPA in 1977 after specifically finding "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a); *Lesher v. Law Offices of Mitchell N. Kay,* 650 F.3d 993, 996 (3d Cir. 2011). Concerned that such practices "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs,

and to invasions of individual privacy," *id.*, Congress enacted the FDCPA "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e); *Evankavitch v. Green Tree Servicing, LLC,* 793 F.3d 355 (3d Cir. 2015). As remedial legislation, the Act is construed broadly to effectuate those purposes. *Id.*

Congress viewed the FDCPA as "primarily self-enforcing." *Staub v. Harris*, 626 F.2d 275, 277 (3d Cir. 1980). When a debt collector fails to comply with any provision of the Act, the debt collector is liable to such person for: (a) actual damages; (b) additional damages capped, for each plaintiff, at $1,000 and, for the class, at the lesser of $500,000 or 1% of the collector's net worth; (c) reasonable attorney's fees and costs. 15 U.S.C. § 1692k(a).

"'[T]he FDCPA enlists the efforts of sophisticated consumers ... as 'private attorneys general' to aid their less sophisticated counterparts, who are unlikely themselves to bring suit under the Act, but who are assumed by the Act to benefit from the deterrent effect of civil actions brought by others.'" *Jensen v. Pressler & Pressler*, 791 F.3d 413, 419 (3d Cir. 2015) quoting *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 91 (2d Cir. 2008). Furthermore, "by providing for statutory damages and attorneys fees for successful plaintiffs, the FDCPA permits

and encourages parties who have suffered no loss to bring civil actions for statutory violations." *Jacobson*, 516 F.3d at 96.

### C.    The "Least Sophisticated Consumer" Standard.

Whether a debt collector's communication to a consumer comports with the FDCPA is evaluated using the "least sophisticated consumer" standard. *Graziano v. Harrison*, 950 F.2d 107, 111 n. 5 (3d Cir. 1991) (observing "least sophisticated consumer" is "a more appropriate phrase" than "least sophisticated debtor").

The same standard is followed throughout the Circuits although some circuits use different labels. *Pollard v. Law Office of Mandy L. Spaulding*, 766 F.3d 98, 103 (1st Cir. 2014) ("unsophisticated consumer"); *Buchanan v. Northland Grp., Inc.*, 776 F.3d 393, 396 (6th Cir. 2015) (same); *Gammon v. GC Servs. Ltd. P'ship*, 27 F.3d 1254, 1257 (7th Cir. 1994) (same); *Peters v. Gen. Serv. Bureau, Inc.*, 277 F.3d 1051, 1055 (8th Cir. 2002) (same); *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993) ("least sophisticated consumer"); *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1175 (11th Cir. 1985) (same); *Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926, 934 (9th Cir. 2007) ("least sophisticated debtor"). The Fifth Circuit uses both "unsophisticated consumer" and "least sophisticated consumer," while the Fourth Circuit uses those two as well as "least sophisticated debtor" interchangeably. *Taylor v. Perrin, Landry, deLaunay & Durand*, 103 F.3d 1232, 1236 (5th Cir. 1997); *United States v. Nat'l Fin. Servs., Inc.*, 98 F.3d 131 (4th Cir.

1996). The D.C. Circuit, without adopting any particular label, explained that "unsophisticated consumer" is a more accurate description of the standard. *Jones v. Dufek*, 830 F.3d 523, 526 n.2 (D.C. Cir. 2016), *cert. denied,* 137 S. Ct. 1336 (2017).

Here, the Levins use the phrase preferred in *Graziano*—"least sophisticated consumer"—because the FDCPA does not protect a "debtor," and that term implies money is in fact owed. By definition, the FDCPA protects a "consumer" who is a natural person *alleged* to owe a debt. 15 U.S.C. § 1692a(3). "A basic tenet of the Act is that all consumers, even those who have mismanaged their financial affairs resulting in default on their debt, deserve the right to be treated in a reasonable and civil manner." *F.T.C. v. Check Inv'rs, Inc.*, 502 F.3d 159, 165 (3d Cir. 2007).

Regardless of the label used, whether HRRG's communications violated the FDCPA are evaluated using the same standard.

The purpose of that standard is to give effect to the FDCPA's intent to protect "the gullible as well as the shrewd." *Campuzano-Burgos v. Midland Credit Mgmt., Inc.*, 550 F.3d 294, 298 (3d Cir. 2008). Thus, the standard is lower than a reasonable debtor because "a communication that would not deceive or mislead a reasonable debtor might still deceive or mislead the least sophisticated debtor." *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 454 (3d Cir. 2006). The standard protects

naïve consumers but also "prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care." *Wilson v. Quadramed Corp.*, 225 F.3d 350, 354–55 (3d Cir. 2000).

The application of the standard makes a plaintiff's understanding irrelevant. "In order to prevail, it is not necessary for a plaintiff to show that she herself was confused by the communication she received; it is sufficient for a plaintiff to demonstrate that the least sophisticated consumer would be confused." *Jacobson*, 516 F.3d at 91.

### D.    *Elements of a Claim for Violation of the FDCPA.*

To prevail on an FDCPA claim, a plaintiff must prove

    (1)    she is a consumer,

    (2)    the defendant is a debt collector,

    (3)    the defendant's challenged practice involves an attempt to collect a "debt" as the Act defines it, and

    (4)    the defendant has violated a provision of the FDCPA in attempting to collect the debt.

*Douglass v. Convergent Outsourcing*, 765 F.3d 299, 303 (3d Cir. 2014).

HRRG never challenged the sufficiency of the Amended Complaint's factual allegations concerning the first three elements. [A4.] The Amended Complaint alleged the Levins are consumers as defined at 15 U.S.C. § 1692a(3) because they are natural persons alleged to owed a consumer debt. [A18 at ¶¶1-4, A21 at ¶¶19-

20.] HRRG is a debt collector as defined at 15 U.S.C. § 1692a(6) because it attempts to collect medical debts on behalf of creditors using interstate commerce. [A21 at ¶21.] HRRG attempted to collect a medical debt from the Levins which is a financial obligation arising from a transaction for personal purposes, which constitutes a debt as defined by 15 U.S.C. § 1692a(5). [A21 at ¶¶19-20.]

The only challenge concerns the fourth element: whether HRRG violated the FDCPA.

At 15 U.S.C. § 1692d, the FDCPA provides a general prohibition against a debt collector engaging in harassing, oppressive, or abusive conduct. It then provides six examples of what constitutes such conduct. "These examples do not limit the general application of this rule." House Report 95-131 at 13. The Levins identify the sixth example, § 1692d(6) which bars a debt collector's "placement of telephone calls without meaningful disclosure of the caller's identity."

The FDCPA broadly prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e; *Brown*, 464 F.3d at 455. Without limiting the general application of § 1692e, *Sheriff v. Gillie*, 136 S. Ct. 1594, 1598 (2016), the Act specifically prohibits:

- "[t]he use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization." § 1692e(14); and

- the "use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." § 1692e(10).

### E.    § 1692d(6): The Messages' Failure to Meaningfully Disclose the Caller's Identity.

When placing a telephone call, a debt collector must do more than simply identify itself.  Instead, its identification must be *meaningfully* disclosed.

The FDCPA does not define "meaningful disclosure." *Hart v. Credit Control, LLC*, 871 F.3d 1255, 1260 (11th Cir. 2017) is the only Circuit Court to have addressed the issue. There, the Eleventh Circuit held the caller's identity is meaningfully disclosed when the caller supplies *two* facts: "the name of the debt collection company" *and* "the nature of the company's business." *Id.*

*Hart* is in accord with district court decisions within the Third Circuit. *See*, *e.g.*¸ *Pisarz v. GC Servs. Ltd. P'ship*, No. CV 16-4552 (FLW), 2017 WL 1102636, at *7 (D.N.J. Mar. 24, 2017) ("the collector must meaningfully disclose its identity and the nature of its business in the message"); and, *Everage v. Nat'l Recovery Agency*, No. CIV.A. 14-2463, 2015 WL 1071757, at *4 (E.D. Pa. Mar. 11, 2015) (quoting *Gryzbowski v. I.C. Sys., Inc.*, 691 F. Supp. 2d 618, 625 (M.D. Pa. 2010)) requiring the debt collector "to disclose the caller's name, the debt collection company's name, and the nature of the debt collector's business.")

The district court erroneously focused only on whether HRRG's messages disclosed the nature of its business. [A5-A6.] The messages unquestionably stated

"ARS is a debt collector." They failed, however, to provide HRRG's name because "ARS" is not HRRG's name.

HRRG was organized in Florida as "Healthcare Revenue Recovery Group, LLC." [A33.] HRRG registered "ARS Account Resolution Services" as an alternate name with the State of New Jersey. Thus, "ARS" is neither HRRG's name nor its registered alternate name.

Using "ARS" alone failed to provide sufficient information to identify HRRG as the caller. Instead, "ARS" could refer to any of hundreds of businesses including other debt collectors.

"ARS National Services, Inc." is a debt collection entity wholly unrelated to HRRG. [A23 at ¶36.] *Koby v. ARS Nat. Servs., Inc.*, No. CIV. 09CV0780 JAHJMA, 2010 WL 1438763, 2010 U.S. Dist. LEXIS 47205 (S.D. Cal. Mar. 29, 2010) (denying Fed. R. Civ. P. 12(c) motion because ARS left messages which failed to meaningfully disclose its identity). Indeed, ARS National Services was a scheduled creditor in the Levins' recent bankruptcy and is the entity best known in the debt collection industry as "ARS." [A23 at ¶¶36, 41.]

Another debt collector, Advanced Recovery Systems, Inc., also uses the "ARS" name. [A23 at ¶37.] Both Advanced Recovery Systems, Inc. and ARS National Services, Inc., like HRRG, are registered as foreign entities to transact business in New Jersey. *Id.*

There are also numerous other companies and businesses in New Jersey which use "ARS." [A23 at ¶37.] There are more than 100 whose name or alternate name begins with "ARS" including "ARS Associates," "ARS Corp.," "ARS Corporation," and "ARS Inc." [A41 at ¶¶4 & 5 referencing A44-A78.]

Thus, HRRG's stripped-down use of only "ARS", even with the disclosure that it is a debt collector, failed to identify HRRG as the company who placed calls to the Levins.

### F.    *The Inclusion of a Website and Telephone Number Did Not Cure the Messages' Failure to Identify the Business Who Placed the Calls.*

The district court concluded consumers with "any questions as to the caller's identity" could obtain clarification by making direct contact with HRRG through the provided telephone number or website address. [A5.] By recognizing the possible need for clarification, the district court should have concluded HRRG's messages do not provide "meaningful disclosure" of HRRG's identity— particularly under the Rule 12(b)(6) standard.

The district court cited no authority for satisfying the meaningful disclosure requirement by referring the consumer to extrinsic sources. The statute, however, requires meaningful disclosure of the caller's identity in the call being placed. Nothing in the FDCPA suggests a debt collector can satisfy its disclosure duty under § 1692d(6) by forcing the consumer to undertake an investigation or make direct contact with the debt collector.

*Fields v. Wilber Law Firm, P.C.*, 383 F.3d 562 (7th Cir. 2004) involved a similar situation. The FDCPA required the debt collector to disclose the current balance due in its collection letter. In *Fields*, the letter did not disclose the current balance due in its letter but, instead, instructed the consumer to call for the information. The Seventh Circuit "rejected the proposition that a debt collector could provide incomplete information in a dunning letter so long as it provided a telephone number for the debtor to call." *Id.* at 566. Just as the inclusion of a telephone number in *Fields* was insufficient to cure missing information required to be disclosed in a collection letter, HRRG's inclusion of a telephone number and website fails to satisfy its disclosure obligations in telephone messages.

G. **§ 1692e(10): Forcing Consumers to Call HRRG or Navigate to its Website is a Deceptive Means to Collect Debts and Obtain Information About the Consumer.**

Furthermore, shifting the burden to the consumer to solve the puzzle of who is placing continued calls and leaving pre-recorded messages frustrates the remedial purpose of FDCPA. The Act gives consumers the right to not engage in any communications with a debt collector. *See, e.g.*, 15 U.S.C. § 1692c(c). By requiring consumers to call HRRG for the limited purpose of clarifying the messages' vague identification, HRRG forces consumers to speak directly with a debt collector even when they have no desire to engage in such communications. Doing so requires consumers to provide the collector with their personal

information and allows HRRG a better opportunity to collect the debt by having direct communication with consumers who may have never have called HRRG had they known HRRG was the caller. [A24 at ¶46.] Moreover, even if consumers call HRRG but do not speak with anyone, HRRG will have obtained confirmation of the consumer's telephone number and likely increase its calls to that number in an effort to elicit a return call where the consumer will speak with an HRRG collector.

Similarly, HRRG's web address, assuming it is not blocked, allows for HRRG to track and store information about the persons who access its website. [A24 at ¶¶42, 43; A41 at ¶6 referencing A80.]. Notably, HRRG's messages do not warn consumers that visiting its website (or calling) will result in HRRG surreptitiously trapping and obtaining tracking information about the consumer to aid its collection of their debt.

Consequently, adopting the district court's reasoning permits debt collectors to satisfy their statutory duty to affirmatively disclose their identity by simply directing consumers to affirmatively take action which allows debt collectors to surreptitiously trap consumers into providing information. That is not what Congress intended when adopting the FDCPA and is conduct expressly prohibited under the FDCPA. *See,* 15 U.S.C. § 1692e(10) (prohibiting the use of false representations or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer).

The district court, however, reasoned that going to the website or calling HRRG would ensure against "mistaken or false representations about either identity or purpose." [A7.] The district court, when deciding a Rule 12(b)(6) motion, was not at liberty to infer such facts when an inference more favorable to Plaintiffs can be made: namely, the consumer's call or navigation to a website would result in gathering information about the consumer and assist in collecting the debt.

Moreover, the district court's recognition that HRRG's messages could lead to mistaken or false representations about HRRG's identity establishes that its messages were false, misleading, or deceptive to the least sophisticated consumer.

### H.    § 1692e(14): Failing to Use the Debt Collector's "True Name."

The FDCPA prohibits HRRG from using any name other than its "true name." 15 U.S.C. § 1692e(14). The Act does not define "true name."

> [T]the Federal Trade Commission's position is that a debt collector's "true name" encompasses not only its formal corporate name, but also the name under which it usually transacts business. Numerous federal courts have similarly determined that trade names comport with the FDCPA's "true name" requirement, such that a debt collector does not violate § 1692e(14) by using the registered or licensed name under which it transacts business—rather than its formal corporate name—in debt collection communications.

*Mahan v. Retrieval-Masters Credit Bureau, Inc.*, 777 F. Supp. 2d 1293, 1299 (S.D. Ala. 2011) (citing, among other decisions, *Boyko v. Am. Int'l Grp., Inc.*, No. 08-

2214 RBK/JS, 2012 WL 2132390 (D.N.J. June 12, 2012). *Boyko* stands for the proposition that "true name" includes a lawfully registered alternate name—an interpretation of § 1692e(14) which is not disputed here.

HRRG's incorporated name is "Healthcare Revenue Recovery Group, LLC" and HRRG's registered alternate name is "ARS ACCOUNT RESOLUTION SERVICES." [A33, A35.] "ARS" represents fewer than 10% of the characters in the alternate name.

The cases also recognize the purpose of 1692e(14) is to prohibit the use of names which are false, deceptive, or misleading. HRRG's use of "ARS" is deceptive and misleading because it refers to many entities other than HRRG, including at least two other debt collectors, and more than 100 entities registered in the State of New Jersey. [A23-A24 at ¶¶36-42; A41 at ¶¶3-4 referencing A44-A78.]

Thus, merely identifying itself as "ARS" was deceptive and misleading because "ARS" could reasonably mean more than one entity, all of whom except HRRG would be false. *Cf., Wilson*, 225 F.3d at 354 (noting that a debt collector's communication "is deceptive when it can be reasonably read to have two or more different meanings, one of which is inaccurate.")

The district court, however, relied on *Pescatrice v. Elite Recovery Serv., Inc.*, No. 06-61130, 2007 WL 1192441 (S.D. Fla. Apr. 23, 2007) to expand the

meaning of "true name" to include a debt collector's initials even when the initials are neither the collector's incorporated name or a registered alternate name. [A6.] *Pescatrice*, however, is distinguishable because it neither interpreted the meaning of "true name" nor involved a claim for violation of § 1692e(14).

In *Pescatrice*, the collector, "Elite Recovery Services, Inc." sent a collection letter to a Florida consumer. In three locations, the letter properly identified the collector by its *complete* corporate name. In the upper left corner of the letter, however, was the collector's initials, ERS, and a post office address. That portion of the letter appeared as the return address in the windowed mailing envelope.

"Plaintiff's theory of the case is that because Defendant did not include its Post Office box and the abbreviation of its name on its [Florida] registration, that registration is either false or not current, and therefore void under Florida law." *Pescatrice*, at *3. Thus, the plaintiff argued the collector violated § 1692e's prohibition against using deceptive means to collect a debt.

The *Pescatrice* court correctly rejected the consumer's claim. Regarding the use of the company's initials in the return address, the court concluded, "the use of the abbreviation 'ERS' as the visible return address of the defendant, would not mislead the least sophisticated consumer as the dunning letter uses the full name three other times on the same letter." *Pescatrice*, at *4. Also, using "Elite Recovery Services, Inc." on the outside of the envelope could have resulted in a violation of

15 U.S.C. § 1692f(8) which prohibits placing the collector's name in the return address if the name reveals the nature of the collector's business.

Furthermore, the *Pescatrice* letter repeatedly disclosed the collector's full name, but the messages here never disclosed HRRG's full company name or its full alternate name. Thus, *Pescatrice* is inapposite.

The district court also relied on *Strand v. Diversified Collection Serv., Inc.*, 380 F.3d 316 (8th Cir. 2004) which is equally distinguishable and inapposite. There, the Eighth Circuit adopted the "benign language" exception to 15 U.S.C. § 1692f(8) which regulates what can appear on the envelope used to mail a collection letter. The Third Circuit has thus far declined to adopt the "benign language" exception. *Douglass*, 765 F.3d at 303.

In *Strand*, various letters and symbols were placed on the outside of the dunning letter's envelope which included "DCS" in the return address. The consumer sued for violation of § 1692f(8) Certainly, placing the collector's name, Diversified Collection Service, Inc., on the envelope would have impermissibly disclosed the letter was from a debt collector in violation of § 1692f(8). But, a literal reading of § 1692f(8) obviously meant the inclusion of "DCS" on the envelope was neither the collector's address nor its name and, therefore, was unlawful.

To avoid a literal reading, the *Strand* court justified looking at the Congressional purpose behind § 1692f(8) to construe a benign language exception. Consequently, the *Strand* court found nothing wrong with the use of the collector's initials in the return address on the outside of the envelope. Doing so would decrease the risk of invading "the debtor's privacy and peace of mind by disclosing the debtor is the subject of a collection" because "such abstract business names reveal less about the nature of the business" than does the complete name. *Id.* at 319. Thus, initials were permissible when placed on the outside of an envelope because doing so did not risk the privacy interests protected by § 1692f(8).

In contrast to *Strand*, the interest here is not to obstruct the collector's identity and the nature of its business from discovery by third parties when placed on the outside of envelope. Instead, the interest is to accurately identify the collector to the consumer so the consumer may make an informed decision about whether they want to return the call and communicate with, and provide their personal information to, the identified debt collector. Thus, the reason why using initials in a return address did not violate § 1692f(8) in *Strand*—namely, avoid an improper third-party disclosure by obscuring the sender's identity and purpose of the communication—is the reason why using them in a voicemail message violates § 1692d(6) and § 1692e(14): the consumer cannot meaningfully identify the caller.

The district court relied on *Pescatrice* and *Strand* as allowing the use of initials but HRRG's messages here did not use any initials. "HRRG" are the initials of the corporate name and "AARS" are the initials of the registered alternate name. "ARS" is simply the first three letters of a 28-lettered (or 31-charactered, 4 word) alternate name. There is no authority for allowing truncated names. Therefore, HRRG's messages failed to use its "true name" in violation of 15 U.S.C. § 1692e(14).

# CONCLUSION

For the foregoing reasons, Plaintiffs-Appellants, Elaine Levins and William Levins respectfully requests the judgment of the district court be reversed and the case remanded for further proceedings.

Respectfully submitted,

*s/Philip D. Stern*

Dated: January 22, 2018          Philip D. Stern
Philip@SternThomasson.com

*s/Andrew T. Thomasson*

Dated: January 22, 2018          Andrew T. Thomasson
Andrew@SternThomasson.com

STERN•THOMASSON LLP
150 Morris Avenue, 2nd Floor
Springfield, New Jersey 07081-1315
(973) 379-7500
*Attorneys for Plaintiffs-Appellants, Elaine Levins and William Levins*

# COMBINED CERTIFICATIONS

### A.    *Bar Membership*

I, Philip D. Stern, hereby certify that I am a member in good standing of the Bar of the United States Court of Appeals for the Third Circuit.

|  |  |
|---|---|
|  | *s/Philip D. Stern* |
| Dated: January 22, 2018 | Philip D. Stern |

I, Andrew T. Thomasson, hereby certify that I am a member in good standing of the Bar of the United States Court of Appeals for the Third Circuit.

|  |  |
|---|---|
|  | *s/Andrew T. Thomasson* |
| Dated: January 22, 2018 | Andrew T. Thomasson |

### B.    *Certificate of Compliance (Form 6)*

The undersigned counsel of record for Plaintiff-Appellant hereby certifies:

This document complies with the word limit of the word limit of Fed. R. App. P. 32(a)(7)(B)(i) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f): 6,628 words.

This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because: Microsoft Word 2016 in 14 point Times New Roman.

|  |  |
|---|---|
|  | *s/Philip D. Stern* |
| Dated: January 22, 2018 | Philip D. Stern |

### C.    *Identical Compliance of Briefs*

I, Philip D. Stern, hereby certify that the text of the E-Brief and Hard Copies of the foregoing BRIEF OF APPELLANT are identical.

|  |  |
|---|---|
|  | *s/Philip D. Stern* |
| Dated: January 22, 2018 | Philip D. Stern |

### D.    *Virus Check*

I, Philip D. Stern, hereby certify that a virus check was performed on the PDF file of the foregoing BRIEF OF APPELLANT prior to electronic filing.

|  | *s/Philip D. Stern* |
|---|---|
| Dated: January 22, 2018 | Philip D. Stern |

### E.    *Certificate of Service*

I, Philip D. Stern, do hereby certify that a true and accurate copy of the foregoing Brief of Appellant was served upon all counsel via the Court's CM/ECF system on January 22, 2018 upon the following counsel:

> Christian M. Scheuerman, Esq.
> Marks, O'Neill, O'Brien, Doherty & Kelly, P.C.
> ATTORNEYS FOR DEFENDANT-APPELLEE
> 535 Route 38 East, Suite 501
> Cherry Hill, NJ 08002

|  | *s/Philip D. Stern* |
|---|---|
| Dated: January 22, 2018 | Philip D. Stern |

# ATTACHMENT TO BRIEF

**Text of relevant statutes.**

## 15 U.S.C. § 1692. Congressional findings and declaration of purpose

(a) Abusive practices

There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

(b) – (d) [Omitted]

(e) Purposes

It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

## 15 U.S.C. § 1692a. Definitions

As used in this subchapter-

(1) [Omitted]

(2) The term "communication" means the conveying of information regarding a debt directly or indirectly to any person through any medium.

(3) The term "consumer" means any natural person obligated or allegedly obligated to pay any debt.

(4) [Omitted]

(5) The term "debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

(6) The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any

business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. …

(7) – (8) [Omitted]

## 15 U.S.C. § 1692d. Harassment or abuse

A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(1) – (5) [Omitted]

(6) Except as provided in section 1692b of this title, the placement of telephone calls without meaningful disclosure of the caller's identity.

## 15 U.S.C. § 1692e. False or misleading representations

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(1) – (9) [Omitted]

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

(11) – (13) [Omitted]

(14) The use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization.

(15) – (16) [Omitted]

## 15 U.S.C. § 1692k. Civil liability

(a) Amount of damages

Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of-

(1) any actual damage sustained by such person as a result of such failure;

(2)    (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000; or

    (B) in the case of a class action, (i) such amount for each named plaintiff as could be recovered under subparagraph (A), and (ii) such amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector; and

(3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court. On a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs.

(b) – (e) [Omitted]

# TABLE OF CONTENTS

**Volume I:**

Opinion, filed September 26, 2017 .................................................................... A1

Order, filed September 26, 2017 ...................................................................... A8

Notice of Appeal, filed October 23, 2017 ........................................................ A10


**Volume II:**

District Court Docket Entries............................................................................ A12

First Amended Class Action Complaint for Violations of the Fair Debt
    Collection Practices Act, filed April 12, 2017 ...................................... A17

Declaration of Christian S. Scheuerman, Esq., filed April 26, 2017 ............... A32

      Exhibit B: Articles of Organization of Healthcare Revenue Recovery
        Group, LLC, field December 21, 2004 .................................... A33

      Exhibit C:  Healthcare Revenue Recovery Group, LLC ..................... A35

      Exhibit D:  Website for Payment .......................................................... A36

      Exhibit E:  Invoice ............................................................................... A38

Declaration of Philip D. Stern, Esq., filed June 5, 2017, in Opposition to
    Motion to Dismiss.................................................................................. A40

    Exhibit A:  Page 23 from Doc. 1 filed in Case 16-16093-JNP in the
        United States Bankruptcy Court for the District of New Jersey ............ A42

    Exhibit B:  Search and Result pages for NJ businesses entities
        registered .............................................................................................. A44

    Exhibit C:  Search and Result pages for NJ businesses entities
        registered.............................................................................................. A74

    Exhibit D:  Screen shot of Computer .................................................... A79

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____
                                                 :
ELAINE LEVINS and WILLIAM           :
LEVINS, on behalf of themselves and  :
other similarly situated,                      :
                                                 :
             Plaintiffs,                       :        Civil No.
                                                 :        1:17-cv-00928 (RBK/KMW)
        v.                                      :
                                                 :        **OPINION**
HEALTHCARE REVENUE RECOVERY    :
GROUP, LLC D/B/A ARS ACCOUNT       :
RESOLUTION SERVICES, AND JOHN     :
and JANE DOES 1 THROGH 25            :
CORRECTIONS, et al.                        :
                                                 :
             Defendants.                     :
_____ :

**KUGLER**, United States District Judge:

This matter arises upon defendant Healthcare Revenue Recovery Group's ("HRRG")

motion to dismiss plaintiffs Elaine Levins and William Levins' ("Plaintiffs") suit for failure to

state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). For the reasons set forth

in the opinion below, this motion is **GRANTED**.

I.      **BACKGROUND**

Plaintiffs, on their own behalf and on behalf of the class they seek to represent, allege that

HRRG used false, deceptive, misleading, harassing, and abusive practices in connection with its

attempt to collect alleged debts from Plaintiffs and similarly situated customers. *See* Compl. at 3.

HRRG is a Limited Liability Company existing pursuant to the laws of the State of Florida. *See*

A1

Compl. at 2; Def. Br. Ex. B. It operates as a debt collector, with its principal place of business in City of Sunrise, Florida. Compl. at 2. "ARS Account Resolution Services" is an unincorporated division of HRRG and registered as an alternative trade name for HRRG with the State of New Jersey. *See* Def. Br. Ex. C.

Plaintiffs specifically contend that HRRG collection practices violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA"), because the practices:

(a) fail to provide meaningful disclosure of HRRG's identity;

(b) use false representations and deceptive means to collect or attempt to collect any debt and to obtain information concerning a consumer; and

(c) use the name of any business, company, or organization other than the true name of the debt collections business, company, or organization.

 *See* Compl. at 3. Plaintiffs allegedly owe a medical debt. *Id.* at 5. That debt was assigned, placed, or transferred to HRRG for collection. *Id.* HRRG then contacted Plaintiffs and third-parties via telephone and left messages in an attempt to collect the alleged debt, which HRRG contends is in default. *Id.* HRRG's pre-recorded message is transcribed as follows:

ARS calling. Please return our call at 1-800-694-3048. ARS is a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose. Again, our number is 1-800-694-3048. Visit us at www.arspayment.com.

*See* Compl. at 6.

2

A2

Plaintiffs allege that this message violates FDCPA. First, they maintain that it does not satisfy the "meaningful disclosure" requirement. § 1692(d)(6). There are other debt collectors, along with numerous other types of businesses, that use the name "ARS" in New Jersey.[1] As such, Plaintiffs maintain that the only way for Plaintiffs and/or a least sophisticated consumer to obtain the identity of the caller, and to ascertain the purpose underlying the messages, is to place a return call to the telephone number provided. Compl. at 8. This, Plaintiffs say, constitutes an inappropriate duty to investigate. *Id.*; Pl. Br. at 17. Plaintiffs further contend that it is deceptive and improper to abbreviate "ARS Account Resolution Services" as "ARS" for the purposes of collection because "ARS" is not the defendant corporation's true name. Plaintiffs have thus brought this case as a class action on behalf of all persons with addresses in the State of New Jersey for whom HRRG left such a voice message. *Id.*

## II.   STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss an action for failure to state a claim upon which relief can be granted. When evaluating a motion to dismiss, "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)).  In other words, a complaint survives a motion to dismiss if it contains sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

---

[1] Including ARS National Services, Inc., a California corporation registered to transact business in New Jersey, and Advanced Recovery Systems, Inc., a Mississippi corporation also registered to transact business in New Jersey.

A3

To make this determination, a court conducts a three-part analysis. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." *Id.* (quoting *Iqbal*, 556 U.S. at 675). Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 131 (quoting *Iqbal*, 556 U.S. at 680). Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Id.* (quoting *Iqbal*, 556 U.S. at 680). This plausibility determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. A complaint cannot survive where a court can only infer that a claim is merely possible rather than plausible. *Id.*

### III.    ANALYSIS

HRRG argues that Plaintiffs have failed to plead facts that give rise to a plausible entitlement for relief. *See* Def. Br. HRRG maintains that the telephone messages provide meaningful disclosure of HRRG's identity and the reason for the call, do not use false representations or deceptive means to collect, and use one of HRRG's true names. *See Id.* at 1-3. To prevail on an FDCPA claim, a plaintiff must prove that: (1) she is a consumer; (2) the defendant is a debt collector; (3) the defendant's challenged practice involves an attempt to collect a "debt" as defined by the FDCPA; and (4) the defendant has violated a provision of the FDCPA in its attempt to collect the debt. *Douglass v. Convergent Outsourcing*, 765 F.3d 209, 303 (3d. Cir. 2014). HRRG's 12(b)(6) motion to dismiss constitutes a challenge to Plaintiffs' pleadings as to the fourth part of the equation; HRRG maintains that the messages it left are

A4

within relevant parameters allowed by the FDCPA.[2] Fed. R. Civ. P. HRRG's position is correct—the facts pleaded do not constitute violations of the FDCPA and thus the Plaintiffs have not presented a plausible basis for relief.

*HRRG's Calls Provide Meaningful Disclosure of HRRG's Identity.*

The FDCPA prohibits "any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." § 1692(d). § 1692(d)(6) bans telephone calls that do not provide "meaningful disclosure of the caller's identity." Meanwhile, "numerous district courts have determined that a debt collector's failure to reveal itself as a collection agency when leaving messages violate[s] the FDCPA." *Pisarz v. GC Services Ltd. Partnership*, 2017 WL 1102636, at *6 (D.N.J. March 24, 2017) (citing *Gryzbowski v. I.C. Sys.*, 691 F. Supp. 2d 618, 623 (M.D. Pa 2010); *Hosseinzadeh v. M.R.S. Assocs., Inc.*, 387 F. Supp. 2d 1104, 1116 (C.D. Cal. 2005); *Masciarelli V. Boudreau & Assocs.*, 529 F. Supp. 2d 183, 185 (D. Mass. 2007); *Foti v. NCO Fin. Sys., Inc.*, 424 F. Supp. 2d 643, 669 (S.D.N.Y. 2006); *Mark v. J.C. Christensen & Assocs., Inc.*, No. 09-100, 2009 WL 2407700, at *4 (D. Minn. 2009) ("[M]eaningful disclosure' requires a debt collector to 'disclose enough information so as to not mislead the recipient as to the purpose of the call.")).

HRRG's messages unmistakably inform the consumer that HRRG is calling to collect a debt. ARS is an alternate trade name for HRRG registered with the State of New Jersey. The least sophisticated consumer understands that "[t]his is an attempt to collect a debt" unambiguously means just that. A return number and website are provided as well should the consumer have any questions as to the caller's identity or intentions.

---

[2] Plaintiffs have pleaded facts sufficient to demonstrate that—for the purposes of the statute— Plaintiffs are consumers, HRRG is a debt collector, and HRRG's phone messages constitute an attempt to collect a debt. HRRG has not disputed these assertions.

A5

Such plain identification and disclosure leaves no doubt as to the nature of the call and who Plaintiffs allegedly owe money to. As such, HRRG's messages satisfy the meaningful disclosure requirement.

*HRRG's Use of "ARS" as an Alternate Trade Name Does Not Violate FDCPA.*

No business, company, or organization may use a name other than its true name. 15 U.S.C. § 1692(e)(14). "True name" includes registered alternate names. *Boyko v. Am. Int'l Group., Inc.*, No. 08-2214, 2012 WL 2132390 (D.N.J. June 12, 2012). To use an alternate name, the business, company, or organization must register or license the alternate name where it was incorporated, where it maintained its principal place of business, or where the Plaintiff was injured. *Id.*

Plaintiffs maintain that abbreviating "ARS Account Resolution Services" to "ARS" for the purposes of the phone message is improper. This Court cannot agree. *See Pescatrice v. Elite Recovery Serv.*, 2007 U.S. Dist. LEXIS 29616 (S.D. Fla. 2007). The word "name" encompasses references to a corporation by its initials. *See Strand v. Diversified Collection Serv.*, 380 F.3d 316 (8th Cir. 2004). HRGG registered the name "ARS Account Resolution Services" as an alternate trade name with the State of New Jersey. Plaintiffs' alleged injury occurred in the State of New Jersey. As such, HRRG's use of "ARS" is acceptable. Such an abbreviation of HRRG's trade name does not prejudice Plaintiffs—it is not deceptive.

*HRRG's Phone Calls Do Not Constitute False Representations or Deceptive Means of Collecting Debts.*

As discussed, HRRG's use of "ARS" constitutes a "true name" and provides meaningful disclosure of HRRG's identity. Plaintiffs and/or least sophisticated consumers can tell who is calling and for what reason. While Plaintiffs argue that the inclusion of a phone number and

A6

internet website improperly shifts the burden to the consumer to investigate the nature of the call, this is not so. Instead, these additions constitute further means of ensuring that there are *not* any mistaken or false representations about either identity or purpose. Furthermore, HRRG warns consumers that any information provided in these calls will be used to collect a debt. *See* Compl. at 6. Thus there is no violation of 15 U.S.C. § 1692(e)(10), as any attempts to collect information have been explicitly flagged and are therefore not deceptive.

**IV.    CONCLUSION**

Because the complaint as pleaded does not present facts, accepted as true, that give rise to any plausible entitlement to relief, Defendants motion to dismiss is **GRANTED**.

Dated:____09/26/2017____                            __s/Robert B. Kugler__
                                                    ROBERT B. KUGLER
                                                    United States District Judge

A7

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

——————————————————————   :
                                                                       :
ELAINE LEVINS and WILLIAM                       :
LEVINS, on behalf of themselves and           :
other similarly situated,                                  :
                                                                       :
         Plaintiffs,                                    :      Civil No.
                                                                       :      1:17-cv-00928 (RBK/KMW)
    v.                                                        :
                                                                       :      **ORDER**
HEALTHCARE REVENUE RECOVERY               :
GROUP, LLC D/B/A ARS ACCOUNT             :
RESOLUTION SERVICES, AND JOHN            :
and JANE DOES 1 THROGH 25                      :
CORRECTIONS, et al.                                   :
                                                                       :
         Defendants.                                :
——————————————————————   :


**KUGLER**, United States District Judge:

    This matter arises upon defendant Healthcare Revenue Recovery Group's motion to

dismiss plaintiffs Elaine Levins and William Levins' suit for failure to state a claim upon which

relief can be granted. For the reasons set forth in the accompanying opinion,

        **IT IS HEREBY ORDERED** that Defendants' motion is **GRANTED**.



Dated:    9/26/2017                               s/Robert B. Kugler    

                                                   ROBERT B. KUGLER

                                                   United State District Judge

A8

2

A9

Daniel A. Frischberg, Esq.
LAW OFFICE OF ANDREW B. FINBERG, LLC
525 Route 73 South, Suite 200
Marlton, NJ 08053
(856) 988-9055

Philip D. Stern, Esq.
Andrew T. Thomasson, Esq.
STERN•THOMASSON LLP
150 Morris Avenue, 2nd Floor
Springfield, NJ 07081-1315
(973) 379-7500

*Attorneys for Plaintiffs, Elaine Levins and William Levins*

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ELAINE LEVINS and WILLIAM LEVINS, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>*vs.*<br><br>HEALTHCARE REVENUE RECOVERY GROUP, LLC d/b/a ARS ACCOUNT RESOLUTION SERVICES, and JOHN AND JANE DOES 1 THROUGH 25,<br><br>Defendants. | Case No.: 1:17-cv-00928-RBK-KMW<br><br><br><br>**NOTICE OF APPEAL** |

        PLEASE TAKE NOTICE that Plaintiffs, Elaine Levins and William Levins, on behalf of

themselves and all others similarly situated, appeal to the United States Court of Appeals for the

Third Circuit from the District Court's Order entered in this action on September 26, 2017 [Doc.

15], which granted Defendant's Motion to Dismiss Plaintiff's First Amended Complaint as well

as, and including, the District Court's Opinion entered on September 26, 2017 [Doc. 14], which

set forth the District Court's reasoning for granting the dismissal.

-1-

A10

This appeal is taken from the entirety of the Opinion, Order, and Judgment and each and every aspect thereof.

Respectfully submitted this 23rd Day of October 2017.

*s/ Andrew T. Thomasson*
Andrew T. Thomasson

STERN•THOMASSON LLP
150 Morris Avenue, 2nd Floor
Springfield, NJ 07081-1315
(973) 379-7500

*One of the Attorneys for Plaintiffs, Elaine Levins and William Levins*

-2-

A11